COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>CIVIL ACTION NO.: 1784 CV 3692 |

MARILYN BARRESI, PERSONAL )
REPRESENTATIVE OF THE ESTATE )
OF STEPHANIE MCMAHON, )
      Plaintiff )
)
v. )  **AMENDED COMPLAINT AND**
) **DEMAND FOR JURY TRIAL**
CITY OF BOSTON, )
      Defendant )
)

## FACTS COMMON TO ALL COUNTS

1. The Plaintiff, Marilyn Barresi, is the personal representative of the Estate of Stephanie McMahon, and resides at 20 Joann Circle, Apartment 5, Ashland, MA 01721.

2. The Defendant, City of Boston, is a public employer whose executive officer is Martin J Walsh, Mayor, City of Boston, One City Hall Plaza, Suite 500, Boston, MA 02201-2013.

3. The Boston Police Department, is a public employer whose commissioner is William Evans, Boston Police Headquarters, One Schroeder Plaza, Roxbury Crossing, MA 02120.

4. The Plaintiff has made timely presentment of her claim to the proper executive officers of the City of Boston and the Boston Police Department under G. L. c. 258, § 4.

5. Robert C. Boyle and William Hubbard, were, on November 16, 2014, officers of the Boston Police Department and public employees.

6. On April 23, 2014, a judge in the Boston Municipal Court, West Roxbury Division, under G. L. c. 209A, ordered Randall Tremblay, among other things, not to abuse Stephanie McMahon, not to contact Stephanie McMahon, and to stay away from

Stephanie McMahon's residence, namely, 1037 River Street, Apartment 4, Hyde Park, Massachusetts (hereinafter "the order").

7. The order was to expire on April 23, 2015.

8. Law enforcement officers are required to use every reasonable means to enforce such orders.

9. The decedent, Stephanie McMahon, on November 16, 2014, around 2:10 A.M., called 9-1-1 and stated to the 9-1-1 dispatcher that Randall Tremblay was "trying to hit [her] over the head with a stick," and that she has a restraining order against him.

10. As a result of this 9-1-1 call, on November 16, 2014, around 2:12 A.M., while on duty and acting in their capacity as public employees, Officers Boyle and Hubbard were dispatched to 1037 River Street, Apartment 4, for a threat of assault and battery with a weapon and a violation of the order.

11. Officers Boyle and Hubbard did not login to their records management system computer inside their vehicle and could not see the CAD sheet for this 9-1-1 call.

12. Officers Boyle and Hubbard entered 1037 River Street and saw a man in the hallway outside Ms. McMahon's door, later identified as Randall Tremblay.

13. Ms. McMahon opened the door to her apartment and repeated multiple times to Officers Boyle and Hubbard that she had a restraining order against the man in the hallway, later identified as Randall Tremblay.

14. Officers Boyle and Hubbard deliberately did not check the records management system computer in their vehicle to determine whether Ms. McMahon in fact had an active restraining order against Randall Tremblay.

15. Officers Boyle and Hubbard deliberately did not request additional information from the 9-1-1 dispatcher about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

16. Officers Boyle and Hubbard deliberately did not speak to a supervisor about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

17. Officer Boyle and Hubbard removed Randall Tremblay from 1037 River Street in order to transport him to Shattuck Hospital.

18. During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not log in to the records management system in their vehicle.

19. During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not call the station to inquire into the existence of a restraining order or the identity of Randall Tremblay.

20. During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not make any Criminal Justice Information Services inquiries into the existence of a restraining order or the identity of Randall Tremblay.

21. During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not call any supervisor to inquire into the existence of a restraining order or the identity of Randall Tremblay.

22. Officers Boyle and Hubbard did not take reasonable steps to determine whether Ms. McMahon had a restraining order against the man in the hallway, and by failing to take these reasonable steps, affirmatively increased the threat of harm to the decedent, and emboldened Mr. Randall Tremblay to return to the decedent's apartment and kill her.

23. After arriving at Shattuck Hospital, Officers Boyle and Hubbard deliberately did not seek to admit Randall Tremblay into Shattuck Hospital.

24. Officers Boyle and Hubbard deliberately did not ask any staff at Shattuck to help ascertain Randall Tremblay's identity.

25. Officers Boyle and Hubbard left Randall Tremblay outside Shattuck Hospital.

26. The Boston Police Department Rules and Procedures instruct officers that they must "arrest any person that the officer observes, or has probable cause to believe, has committed a violation of a court order."

27. Had Officers Boyle and Hubbard taken reasonable steps to ascertain the existence of a restraining order, they would have determined that Ms. McMahon had a restraining order out of the Boston Municipal Court, West Roxbury Division (1406 RO 225) that was in effect and that Randall Tremblay was the defendant in the order.

28. Officers Boyle and Hubbard would then have arrested Randall Tremblay at 1037 River Street for a violation of the order.

29. Officers Boyle and Hubbard deliberately caused and affirmatively created the situation where Randall Tremblay was free and could return to Ms. McMahon's apartment to kill her.

30. The Boston Police Department did not establish a procedure adequate to ensure that an officer on the scene of an alleged violation of a restraining order may be informed of the existence and terms of such order.

31. Officers Boyle and Hubbard were grossly negligent in releasing Randall Tremblay from their custody after he was removed from 1037 River Street.

## COUNT I – WRONGFUL DEATH
## MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

32. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty one of this Complaint.

33. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

34. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT II – CONSCIOUS PAIN AND SUFFERING
## (G.L. c. 229, § 6)
## MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

35. The Plaintiff repeats and realleges paragraphs one through thirty four as if expressly written herein.

36. As a direct and proximate result of the negligence and affirmative creation of the situation that allowed Randall Tremblay to kill Ms. McMahon, the Defendant, City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, caused Ms. McMahon, between the time the time of the negligence and the time of her death, to suffer great pain of body and anguish of mind.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 6 or otherwise.

### COUNT III – NEGLIGENCE
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

37. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty six of this Complaint.

38. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

39. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate.

### COUNT IV – 42 U.S.C. § 1983 DUE PROCESS VIOLATION
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

40. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty nine of this Complaint.

41. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard's affirmative acts increased the known threat to the decedent by Mr. Randall Tremblay.

42. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard's behavior was so egregious and outrageous that it shocked the conscience.

43. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard willfully disregarded and failed to protect against obvious risks to the decedent by deliberately failing to verify the restraining order that the decedent had against Randall Tremblay, which emboldened Mr. Tremblay to return to the decedent's apartment and kill her.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate.

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL COUNTS

By Plaintiff's Attorneys,
Avalon Law Offices, P.C.

Danilo Avalon, Esq. (BBO#: 632152)
avalon@avalonlawfirm.com
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA  02125
Tel. (617) 436-3300
Fax. (617) 436-8500

April 11, 2018

**CERTIFICATE OF SERVICE**

      I, Danilo A. Avalon, hereby certify that on ___April, 11___, 2018, I served a copy of the enclosed documents via first class mail to the following:

Suffolk Superior Court
3 Pemberton Square
Civil Clerk's Office, 12th floor
Boston, MA 02109

Nicole M. O'Connor
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201

                                    Danilo A. Avalon, Esq. (BBO#: 632152)
                                    Avalon Law Offices, P.C.
                                    612 Columbia Road
                                    Dorchester, MA 02125
                                    Phone: (617)-436-3300
                                    Fax: (617)-436-8500
                                    avalon@avalonlawfirm.com