

# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

**1784CV03692 Marilyn Barresi Personal Representative for the Estate of Stephanie McMahon vs. City of Boston et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Actions Involving the State/Municipality | **FILE DATE:** | 11/13/2017 |
| **ACTION CODE:** | AB1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Tortious Action involving the Commonwealth, Municipality, MBTA, etc. | | |
| **CASE DISPOSITION DATE** 04/26/2018 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 04/26/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C |

## LINKED CASE

## PARTIES

**Plaintiff**
Marilyn Barresi Personal Representative for the Estate of Stephanie McMahon

**632152**
Danilo Avalon
Avalon Law Offices, P.C.
Avalon Law Offices, P.C.
612 Columbia Rd
Boston, MA 02125
Work Phone (617) 436-3300
Added Date: 11/13/2017

**696492**
John Byrne Kulevich
Faneuf Law Group, LLC
Faneuf Law Group, LLC
One Boston Place
Suite 2600
Boston, MA 02108
Work Phone (617) 939-9894
Added Date: 11/13/2017

**Defendant**
Boston Police Department



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| **Defendant** | | **669930** |
|---|---|---|
| City of Boston | Erika Reis | |
| | City of Boston Law Department | |
| | City of Boston Law Department | |
| | One City Hall Plaza | |
| | Suite 615 | |
| | Boston, MA 02210 | |
| | Work Phone (617) 635-4031 | |
| | Added Date: 04/20/2018 | |
| | | **675535** |
| | Nicole Marie O'Connor | |
| | City of Boston Law Department | |
| | City of Boston Law Department | |
| | One City Hall Plaza | |
| | Room 615 | |
| | Boston, MA 02201 | |
| | Work Phone (617) 635-4039 | |
| | Added Date: 04/12/2018 | |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 11/13/2017 | | Case assigned to:<br>DCM Track A - Average was added on 11/13/2017 | |
| 11/13/2017 | 1 | Original civil complaint filed. | |
| 11/13/2017 | 2 | Civil action cover sheet filed. | |
| 11/13/2017 | | Demand for jury trial entered. | |
| 11/13/2017 | | Attorney appearance<br>On this date Danilo Avalon, Esq. added for Plaintiff Marilyn Barresi<br>Personal Representative for the Estate of Stephanie McMahon | |
| 11/13/2017 | | Attorney appearance<br>On this date John Byrne Kulevich, Esq. added for Plaintiff Marilyn Barresi<br>Personal Representative for the Estate of Stephanie McMahon | |
| 01/19/2018 | 3 | Service Returned for<br>Defendant City of Boston: Service through person in charge / agent; | |
| 01/19/2018 | 4 | Service Returned for<br>Defendant Boston Police Department: Service through person in charge / agent; | |
| 04/12/2018 | | Attorney appearance<br>On this date Nicole Marie O'Connor, Esq. added for Defendant City of Boston | |
| 04/18/2018 | 5 | Plaintiff Marilyn Barresi Personal Representative for the Estate of Stephanie McMahon's  Motion to amend the complaint  (w/o opposition) | |
| 04/20/2018 | | Attorney appearance<br>On this date Erika Reis, Esq. added for Defendant City of Boston | |
| 04/20/2018 | 6 | Notice of Removal to the United States District Court filed by<br><br>the Defendant, City of Boston (US Dist # 18-cv-10737)<br><br>Applies To: City of Boston (Defendant) | |
| 04/20/2018 | 7 | Notice of voluntary dismissal (41a.l.i)<br><br>with prejudice<br><br>dated 4/18/18 | |
| 04/20/2018 | | Endorsement on Motion to amend the  (#5.0): No Action Taken complaint   No action taken as deft has filed a notice of removal to Federal Court   Notice Sent 4/25/18<br>F<br><br>Judge: Squires-Lee, Hon. Debra A | Squires-Lee |
| 04/26/2018 | | REMOVED to the U.S. District Court of Massachusetts | |
| 04/26/2018 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.:

17-3692-C

|  |  |
|---|---|
| MARILYN BARRESI, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON, Plaintiff | ) ) ) ) ) |
| v. | ) ) |
| CITY OF BOSTON, and BOSTON POLICE DEPARTMENT, Defendants | ) ) ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## FACTS COMMON TO ALL COUNTS

1. The Plaintiff, Marilyn Barresi, is the personal representative of the Estate of Stephanie McMahon, and resides at 20 Joann Circle, Apartment 5, Ashland, MA 01721.

2. The Defendant, City of Boston, is a public employer whose executive officer is Martin J Walsh, Mayor, City of Boston, One City Hall Plaza, Suite 500, Boston, MA 02201-2013.

3. The Defendant, Boston Police Department, is a public employer whose commissioner is William Evans, Boston Police Headquarters, One Schroeder Plaza, Roxbury Crossing, MA 02120.

4. The Plaintiff has made timely presentment of her claim to the proper executive officers of the City of Boston and the Boston Police Department under G. L. c. 258, § 4.

5. Robert C. Boyle and William Hubbard, were, on November 16, 2014, officers of the Boston Police Department and public employees.

6. On April 23, 2014, a judge in the Boston Municipal Court, West Roxbury Division, under G. L. c. 209A, ordered Randall Tremblay, among other things, not to abuse Stephanie McMahon, not to contact Stephanie McMahon, and to stay away from Stephanie McMahon's residence, namely, 1037 River Street, Apartment 4, Hyde Park, Massachusetts (hereinafter "the order").

7. The order was to expire on April 23, 2015.

8. Law enforcement officers are required to use every reasonable means to enforce such orders.

9. The decedent, Stephanie McMahon, on November 16, 2014, around 2:10 A.M., called 9-1-1 and stated to the 9-1-1 dispatcher that Randall Tremblay was "trying to hit [her] over the head with a stick," and that she has a restraining order against him.

10. As a result of this 9-1-1 call, on November 16, 2014, around 2:12 A.M., while on duty and acting in their capacity as public employees, Officers Boyle and Hubbard were dispatched to 1037 River Street, Apartment 4, for a threat of assault and battery with a weapon and a violation of the order.

11. Officers Boyle and Hubbard did not login to their records management system computer inside their vehicle and could not see the CAD sheet for this 9-1-1 call.

12. Officers Boyle and Hubbard entered 1037 River Street and saw a man in the hallway outside Ms. McMahon's door, later identified as Randall Tremblay.

13. Ms. McMahon opened the door to her apartment and repeated multiple times to Officers Boyle and Hubbard that she had a restraining order against the man in the hallway, later identified as Randall Tremblay.

14. Officers Boyle and Hubbard did not check the records management system computer in their vehicle to determine whether Ms. McMahon in fact had an active restraining order against Randall Tremblay.

15. Officers Boyle and Hubbard did not request additional information from the 9-1-1 dispatcher about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

16. Officers Boyle and Hubbard did not speak to a supervisor about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

17. Officer Boyle and Hubbard removed Randall Tremblay from 1037 River Street in order to transport him to Shattuck Hospital.

18. During the drive to Shattuck Hospital, Officers Boyle and Hubbard did not log in to the records management system in their vehicle.

19. During the drive to Shattuck Hospital, Officers Boyle and Hubbard did not call the station to inquire into the existence of a restraining order or the identity of Randall Tremblay.

20. During the drive to Shattuck Hospital, Officers Boyle and Hubbard did not make any Criminal Justice Information Services inquiries into the existence of a restraining order or the identity of Randall Tremblay.

21. During the drive to Shattuck Hospital, Officers Boyle and Hubbard did not call any supervisor to inquire into the existence of a restraining order or the identity of Randall Tremblay.

22. Officers Boyle and Hubbard did not take reasonable steps to determine whether Ms. McMahon had a restraining order against the man in the hallway.

23. After arriving at Shattuck Hospital, Officers Boyle and Hubbard did not seek to admit Randall Tremblay into Shattuck Hospital.

24. Officers Boyle and Hubbard did not ask any staff at Shattuck to help ascertain Randall Tremblay's identity.

25. Officers Boyle and Hubbard left Randall Tremblay outside Shattuck Hospital.

26. The Boston Police Department Rules and Procedures instruct officers that they must "arrest any person that the officer observes, or has probable cause to believe, has committed a violation of a court order."

27. Had Officers Boyle and Hubbard taken reasonable steps to ascertain the existence of a restraining order, they would have determined that Ms. McMahon had a restraining order out of the Boston Municipal Court, West Roxbury Division (1406 RO 225) that was in effect and that Randall Tremblay was the defendant in the order.

28. Officers Boyle and Hubbard would then have arrested Randall Tremblay at 1037 River Street for a violation of the order.

29. Officers Boyle and Hubbard caused the situation where Randall Tremblay was free and could return to Ms. McMahon's apartment to kill her.

30. The Boston Police Department did not establish a procedure adequate to ensure that an officer on the scene of an alleged violation of a restraining order may be informed of the existence and terms of such order.

31. Officers Boyle and Hubbard were grossly negligent in releasing Randall Tremblay from their custody after he was removed from 1037 River Street.

## COUNT I – WRONGFUL DEATH
## MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

32. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty one of this Complaint.

33. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

34. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT II – CONSCIOUS PAIN AND SUFFERING
### (G.L. c. 229, § 6)
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

35. The Plaintiff repeats and realleges paragraphs one through thirty four as if expressly written herein.

36. As a direct and proximate result of the negligence and affirmative creation of the situation that allowed Randall Tremblay to kill Ms. McMahon, the Defendant, City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, caused Ms. McMahon, between the time the time of the negligence and the time of her death, to suffer great pain of body and anguish of mind.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 6 or otherwise.

## COUNT III – NEGLIGENCE
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

37. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty six of this Complaint.

38. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

39. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate.

## COUNT IV – WRONGFUL DEATH
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. BOSTON POLICE DEPARTMENT

40. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty nine of this Complaint.

41. The Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

42. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT V – CONSCIOUS PAIN AND SUFFERING
### (G.L. c. 229, § 6)
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. BOSTON POLICE DEPARTMENT

43. The Plaintiff repeats and realleges paragraphs one through forty two as if expressly written herein.

44. As a direct and proximate result of the negligence and affirmative creation of the situation that allowed Randall Tremblay to kill Ms. McMahon, the Defendant, Boston Police Department, and its employees Officer Boyle and Hubbard, caused Ms. McMahon, between the time the time of the negligence and the time of her death, to suffer great pain of body and anguish of mind.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 6 or otherwise.

## COUNT VI – NEGLIGENCE
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. BOSTON POLICE DEPARTMENT

45. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through forty four of this Complaint.

46. The Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

47. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate.

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL COUNTS

By Plaintiff's Attorneys,
Avalon Law Offices, P.C.

Danilo Avalon, Esq. (BBO#: 632152)
avalon@avalonlawfirm.com
John B. Kulevich, Esq. (BBO#: 696492)
jkulevich@avalonlwfirm.com
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA  02125
Tel.  (617) 436-3300
Fax. (617) 436-8500

Dated: 11/13/17

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE.
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk

²2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 17-3692-C | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Marilyn Barresi, Personal Rep. of the Estate of Stephanie McMahon | COUNTY Suffolk |
|---|---|---|
| ADDRESS: | 20 Joann Circle, Apartment 5, Ashland, MA 01721 | |

DEFENDANT(S): City of Boston, Boston Police Department

| ATTORNEY: | Danilo Avalon, John B. Kulevich |
|---|---|
| ADDRESS: | Avalon Law Offices, P.C. |
| | 612 Columbia Road, Boston, MA 02125 |
| BBO: | Danilo Avalon - 632152; John Kulevich - 696492 |

ADDRESS: City of Boston - Martin J. Walsh, Mayor, One City Hall Plaza,

Boston, MA 02201-2013

Boston Police Department - Commissioner William Evans, Boston Police Headquarters,

One Schroeder Plaza, Roxbury Crossing, MA, 02120

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. AB1 | TYPE OF ACTION (specify) Tortious Action Involving Commonwealth etc. | TRACK A | HAS A JURY CLAIM BEEN MADE? [X] YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

| | | | |
|---|---|---|---|
| A. Documented medical expenses to date: | | | |
| 1. Total hospital expenses | | $ | |
| 2. Total doctor expenses | | $ | |
| 3. Total chiropractic expenses | | $ | |
| 4. Total physical therapy expenses | | $ | |
| 5. Total other expenses (describe below) | | $ | |
| | Subtotal (A): | $ | |
| B. Documented lost wages and compensation to date | | $ | |
| C. Documented property damages to dated | | $ | |
| D. Reasonably anticipated future medical and hospital expenses | | $ | |
| E. Reasonably anticipated lost wages | | $ | |
| F. Other documented items of damages (describe below) | | $ | 20,000 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The defendant's negligence caused the conscious pain and suffering and death of Stephanie McMahon,

the Plaintiff's decedent.

Funeral, Burial, and Probate Attorneys Fees, Costs, and Expenses

TOTAL (A-F):$ 20,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _(signature)_  Date: 11/13/17

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _(signature)_  Date: 11/13/17

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _(signature)_
Asst. Clerk

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *1784 CV 3692*

*Marilyn Barresi, Personal Rep for
Estate of Stephanie McMahon*, PLAINTIFF(S),

v. *City of Boston and
Boston Police Dept.*, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO *City of Boston* . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Suffolk Superior* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your signed original response with the Clerk's Office for Civil Business, *Superior* Court, *3 pemberton Sq. Boston MA-02108* (address), by mail or in person, **AND**

    b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *612 Columbia Rd. Boston MA 02125*

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *1784 CV 3692*

*Marilyn Barresi, Personal Rep. for Estate of Stephanie McMahon*, PLAINTIFF(S),

v.

*City of Boston and Boston Police Dept.*, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO  *Boston Police Dept.*  (Defendant's name)

<u>You are being sued.</u>  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Suffolk Superior* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u> If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. <u>How to Respond.</u>  To respond to this lawsuit, you must file a written response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, *Superior* Court, *3 Pemberton Sq. Boston, MA 02108* (address), by mail or in person, <u>AND</u>

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *612 Columbia Rd. Boston MA 02125*.

3. <u>What to include in your response.</u>  An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

# Commonwealth of Massachusetts

SUFFOLK, SS.                                    TRIAL COURT OF THE COMMONWEALTH
                                                SUPERIOR COURT DEPARTMENT
                                                CIVIL DOCKET NO. *1784 CV 3692*

*Marilyn Barresi, Personal Rep for
Estate of Stephanie McMahon*, PLAINTIFF(S),

v. *City of Boston and
Boston Police Dept.*, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _City of Boston_ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court _and_ mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court,
        _3 pemberton Sq. Boston MA 02108_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: _612 Columbia Rd. Boston MA 02125_

3.  **What to include in your response.**  An "Answer" is one type of response to a Complaint.  Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4.    **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*                                                              January 9, 2018

I hereby certify and return that on 1/8/2018 at 10:30 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Kellie Donovan, agent and person in charge at the time of service for City of Boston, at c/o Eugene L. O'Flaherty, Corporation Counsel 1 City Hall Square Room 615 Boston, MA 02201 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff    John Cammarata

_____
Deputy Sheriff

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
    Asst. Clerk

4

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *1784 CV 3692*

*Marilyn Barresi, Personal Rep. for
Estate of Stephanie McMahon*, PLAINTIFF(S),

v.

*City of Boston and
Boston Police Dept.*, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _____*Boston Police Dept.*_____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___*Suffolk Superior*___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, ___*Superior*___ Court, *3 Pemberton Sq. Boston, MA 02108* (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: *612 Columbia Rd. Boston MA 02125*.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance**. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons,



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

January 9, 2018

I hereby certify and return that on 1/8/2018 at 10:30 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Kellie Donovan, agent and person in charge at the time of service for Boston Police Dept, at City of Boston Law Department, Room 615 1 City Hall Square Eugene L. O'Flaherty, Esq., Corporation Counsel Boston, MA 02201 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff   John Cammarata

*John L. Cammarata*
_____
*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Margaret M. Allen*
_____
Asst. Clerk

04-23

NOTIFY

4/25

45

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.: 1784 CV 3692

MARILYN BARRESI, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF STEPHANIE MCMAHON,
    Plaintiff

v.

CITY OF BOSTON,
    Defendant

)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFF'S MOTION TO AMEND COMPLAINT AS A MATTER OF RIGHT

NOW COMES the plaintiff, Marilyn Barresi, Personal Representative of the Estate of Stephanie McMahon, in the above-captioned matter and respectfully request this motion for leave to amend the complaint by removing Counts IV, V and VI and removing the Boston Police Department as a defendant, pursuant Mass.R.Civ.P. 15(a), because no responsive pleading has been served, the Plaintiff's Amended Complaint.

WHEREFORE, the plaintiff respectfully request that this Honorable Court grant them the motion and that the Amended Complaint annexed hereto is taken and treated as so amended and filed as of the date this motion is allowed.

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
    Asst. Clerk

By Plaintiff's Attorney,
Avalon Law Offices, P.C.

_____
Danilo Avalon, Esq. (BBO#: 632152)
avalon@avalonlawfirm.com
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA  02125
Tel.  (617) 436-3300
Fax. (617) 436-8500

Dated: 4/11/18

*No action taken as Defendant has filed a notice of removal to Federal Court. Dina Jennifer 4/21/18*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.: 1784 CV 3692

```
                                )
MARILYN BARRESI, PERSONAL       )
REPRESENTATIVE OF THE ESTATE    )
OF STEPHANIE MCMAHON,           )
        Plaintiff               )
                                )
v.                              )
                                )
CITY OF BOSTON,                 )
        Defendant               )
                                )
```

**AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

### FACTS COMMON TO ALL COUNTS

1.  The Plaintiff, Marilyn Barresi, is the personal representative of the Estate of Stephanie McMahon, and resides at 20 Joann Circle, Apartment 5, Ashland, MA 01721.

2.  The Defendant, City of Boston, is a public employer whose executive officer is Martin J Walsh, Mayor, City of Boston, One City Hall Plaza, Suite 500, Boston, MA 02201-2013.

3.  The Boston Police Department, is a public employer whose commissioner is William Evans, Boston Police Headquarters, One Schroeder Plaza, Roxbury Crossing, MA 02120.

4.  The Plaintiff has made timely presentment of her claim to the proper executive officers of the City of Boston and the Boston Police Department under G. L. c. 258, § 4.

5.  Robert C. Boyle and William Hubbard, were, on November 16, 2014, officers of the Boston Police Department and public employees.

6.  On April 23, 2014, a judge in the Boston Municipal Court, West Roxbury Division, under G. L. c. 209A, ordered Randall Tremblay, among other things, not to abuse Stephanie McMahon, not to contact Stephanie McMahon, and to stay away from

Stephanie McMahon's residence, namely, 1037 River Street, Apartment 4, Hyde Park,

Massachusetts (hereinafter "the order").

7.  The order was to expire on April 23, 2015.

8.  Law enforcement officers are required to use every reasonable means to enforce such

orders.

9.  The decedent, Stephanie McMahon, on November 16, 2014, around 2:10 A.M., called

9-1-1 and stated to the 9-1-1 dispatcher that Randall Tremblay was "trying to hit [her]

over the head with a stick," and that she has a restraining order against him.

10.  As a result of this 9-1-1 call, on November 16, 2014, around 2:12 A.M., while on

duty and acting in their capacity as public employees, Officers Boyle and Hubbard were

dispatched to 1037 River Street, Apartment 4, for a threat of assault and battery with a

weapon and a violation of the order.

11.  Officers Boyle and Hubbard did not login to their records management system

computer inside their vehicle and could not see the CAD sheet for this 9-1-1 call.

12.  Officers Boyle and Hubbard entered 1037 River Street and saw a man in the hallway

outside Ms. McMahon's door, later identified as Randall Tremblay.

13.  Ms. McMahon opened the door to her apartment and repeated multiple times to

Officers Boyle and Hubbard that she had a restraining order against the man in the

hallway, later identified as Randall Tremblay.

14.  Officers Boyle and Hubbard deliberately did not check the records management

system computer in their vehicle to determine whether Ms. McMahon in fact had an

active restraining order against Randall Tremblay.

15.  Officers Boyle and Hubbard deliberately did not request additional information from the 9-1-1 dispatcher about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

16.  Officers Boyle and Hubbard deliberately did not speak to a supervisor about the existence of a restraining order or the identification of the man in the hallway outside Ms. McMahon's apartment door.

17.  Officer Boyle and Hubbard removed Randall Tremblay from 1037 River Street in order to transport him to Shattuck Hospital.

18.  During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not log in to the records management system in their vehicle.

19.  During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not call the station to inquire into the existence of a restraining order or the identity of Randall Tremblay.

20.  During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not make any Criminal Justice Information Services inquiries into the existence of a restraining order or the identity of Randall Tremblay.

21.  During the drive to Shattuck Hospital, Officers Boyle and Hubbard deliberately did not call any supervisor to inquire into the existence of a restraining order or the identity of Randall Tremblay.

22.  Officers Boyle and Hubbard did not take reasonable steps to determine whether Ms. McMahon had a restraining order against the man in the hallway, and by failing to take these reasonable steps, affirmatively increased the threat of harm to the decedent, and emboldened Mr. Randall Tremblay to return to the decedent's apartment and kill her.

23.  After arriving at Shattuck Hospital, Officers Boyle and Hubbard deliberately did not seek to admit Randall Tremblay into Shattuck Hospital.

24.  Officers Boyle and Hubbard deliberately did not ask any staff at Shattuck to help ascertain Randall Tremblay's identity.

25.  Officers Boyle and Hubbard left Randall Tremblay outside Shattuck Hospital.

26.  The Boston Police Department Rules and Procedures instruct officers that they must "arrest any person that the officer observes, or has probable cause to believe, has committed a violation of a court order."

27.  Had Officers Boyle and Hubbard taken reasonable steps to ascertain the existence of a restraining order, they would have determined that Ms. McMahon had a restraining order out of the Boston Municipal Court, West Roxbury Division (1406 RO 225) that was in effect and that Randall Tremblay was the defendant in the order.

28.  Officers Boyle and Hubbard would then have arrested Randall Tremblay at 1037 River Street for a violation of the order.

29.  Officers Boyle and Hubbard deliberately caused and affirmatively created the situation where Randall Tremblay was free and could return to Ms. McMahon's apartment to kill her.

30.  The Boston Police Department did not establish a procedure adequate to ensure that an officer on the scene of an alleged violation of a restraining order may be informed of the existence and terms of such order.

31.  Officers Boyle and Hubbard were grossly negligent in releasing Randall Tremblay from their custody after he was removed from 1037 River Street.

## COUNT I – WRONGFUL DEATH
## MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF
## STEPHANIE MCMAHON v. CITY OF BOSTON

32.  The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty one of this Complaint.

33.  The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

34.  As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT II – CONSCIOUS PAIN AND SUFFERING
## (G.L. c. 229, § 6)
## MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF
## STEPHANIE MCMAHON v. CITY OF BOSTON

35.  The Plaintiff repeats and realleges paragraphs one through thirty four as if expressly written herein.

36.  As a direct and proximate result of the negligence and affirmative creation of the situation that allowed Randall Tremblay to kill Ms. McMahon, the Defendant, City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, caused Ms. McMahon, between the time the time of the negligence and the time of her death, to suffer great pain of body and anguish of mind.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 6 or otherwise.

## COUNT III – NEGLIGENCE
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

37. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty six of this Complaint.

38. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard, was negligent and materially contributed to the situation which allowed Randall Tremblay to be free to return to Ms. McMahon's apartment and kill her.

39. As a direct and proximate result of Officer Boyle and Hubbard's negligence and affirmative creation of this situation, Ms. McMahon was killed by Randall Tremblay.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police Department, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate.

## COUNT IV – 42 U.S.C. § 1983 DUE PROCESS VIOLATION
### MARILYN BARREIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON v. CITY OF BOSTON

40. The Plaintiff repeats and incorporates herein the factual allegations contained in paragraphs one through thirty nine of this Complaint.

41. The City of Boston, through the Boston Police Department and its employees Officer Boyle and Hubbard's affirmative acts increased the known threat to the decedent by Mr. Randall Tremblay.

42.  The City of Boston, through the Boston Police Department and its employees Officer

Boyle and Hubbard's behavior was so egregious and outrageous that it shocked the

conscience.

43. The City of Boston, through the Boston Police Department and its employees Officer

Boyle and Hubbard willfully disregarded and failed to protect against obvious risks to the

decedent by deliberately failing to verify the restraining order that the decedent had

against Randall Tremblay, which emboldened Mr. Tremblay to return to the decedent's

apartment and kill her.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Boston Police

Department, in an amount to be determined by the Court together with interest, costs and other

such relief as may be deemed appropriate.

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL COUNTS

By Plaintiff's Attorneys,
Avalon Law Offices, P.C.

Danilo Avalon, Esq. (BBO#: 632152)
avalon@avalonlawfirm.com
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA  02125
Tel.  (617) 436-3300
Fax. (617) 436-8500

April 11, 2018

*Suffolk   Superior   Civil   Court*

1784 CV 03692

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-cv-10737

**MARILYN BARRESI, PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE MCMAHON**

**Plaintiff,**

**v.**

**CITY OF BOSTON**
**Defendant.**



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, the Defendant, City of Boston ("Defendant"), hereby petitions for the removal of the action entitled <u>Marilyn Barresi, Personal Representative of the Estate of Stephanie McMahon v. City of Boston</u>, Docket No. 1784-CV-3692, from the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, where it is currently pending.

As reasons for this petition, the Defendant states as follows:

1. This action, brought pursuant to 42 U.S.C. § 1983, alleges *inter alia*, that the City of Boston, through its employees, violated Stephanie McMahon's civil rights under the United States Constitution. Specifically, Plaintiff alleges that the Defendant violated Stephanie McMahon's due process rights. (<u>See</u> Plaintiff's Amended Complaint, attached hereto as <u>Exhibit 1</u>).

2. The Plaintiff's claims for relief clearly arise under the Constitution, treaties or laws of the United States and therefore is subject to removal under 28 U.S.C. § 1441(b).

1

3.  A fair reading of the facts and theories as a whole makes it apparent that federal constitutional law and issues are essential to this case and therefore the Defendant has a statutory right to remove this action.

4.  This Notice of Removal is being filed within thirty days after the City of Boston was served with the Plaintiff's Amended Complaint.[1]  The City of Boston was served with Plaintiff's Amended Complaint on April 11, 2018.

5.  The City of Boston is the only Defendant in this matter.

6.  The Defendant's Civil Action Cover Sheet is attached hereto as Exhibit 2.

7.  The Defendant's Category Sheet is attached hereto as Exhibit 3.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON

By its attorneys,

Eugene L. O'Flaherty
Corporation Counsel

/s/ Nicole M. O'Connor
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
Erika P. Reis (BBO#669930)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039 (O'Connor)
(617) 635-4031 (Reis)
Nicole.OConnor@boston.gov
Erika.Reis@boston.gov

I HEREBY ATTEST AND CERTIFY ON

April 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

Date:  April 17, 2018

---

[1]  Plaintiff's original complaint, served on or about January 11, 2018, did not allege any federal claims. Plaintiff amended her complaint on April 11, 2018 and added, for the first time, a federal claim.

2

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, hereby certify that on this date I served a copy of the foregoing document via mail to counsel for the Plaintiff:

Danilo A. Avalon, Esq.
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA 02125

/s/ Nicole M. O'Connor
Nicole M. O'Connor

Date:   April 17, 2018

Trans USD

7

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT
                                      CIVIL ACTION NO.: 1784 CV 3692

)
MARILYN BARRESI, PERSONAL             )
REPRESENTATIVE OF THE ESTATE          )
OF STEPHANIE MCMAHON,                 )
          Plaintiff                   )
                                      )
v.                                    )
                                      )
CITY OF BOSTON,                       )
          Defendant                   )
                                      )

### NOTICE OF DISMISSAL

Now Comes, the Plaintiff in the above referenced action and pursuant to Mass. Rule of Civil
Procedure 41 (a) (1) i, the plaintiff hereby stipulates to dismiss ALL COUNTS, against the
defendant, Boston Police Department, specifically Counts Iv, V, and VI of the original
complaint. The defendant, Boston Police Department is voluntarily dismissed with prejudice.

By Plaintiff's Attorneys,
Avalon Law Offices, P.C.

Danilo Avalon, Esq. (BBO#: 632152)
avalon@avalonlawfirm.com
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA 02125
Tel. (617) 436-3300
Fax. (617) 436-8500

April 11, 2018

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
          Asst. Clerk

## CERTIFICATE OF SERVICE

I, Danilo A. Avalon, hereby certify that on _April, 11_, 2018, I served a copy of the enclosed documents via first class mail to the following:

Suffolk Superior Court
3 Pemberton Square
Civil Clerk's Office, 12th floor
Boston, MA 02109

Nicole M. O'Connor
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201

Danilo A. Avalon, Esq. (BBO#: 632152)
Avalon Law Offices, P.C.
612 Columbia Road
Dorchester, MA 02125
Phone: (617)-436-3300
Fax: (617)-436-8500
avalon@avalonlawfirm.com